Jeremy KEE; KeeCorp, Inc.,
Plaintiffs—Appellants,

v.

Michael MERSCH; Monica Metz; State of Nevada; Steve Sellers; Byron Tichenor, Defendants—Appellees.

No. 06–17369.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2008.*

Filed Oct. 23, 2008.

Fed. R.App. P. 34(a)(2).

Jason J. Bach, The Bach Law Firm, LLC, Las Vegas, NV, for Plaintiffs–Appellants.

Richard C. Linstrom, Esq., Office of the General Counsel, Kimberly A. Arguello, DAG, Office of the Nevada Attorney General, Las Vegas, NV, for Defendants–Appellees.

Before: THOMPSON and WARDLAW, Circuit Judges, and BOLTON,** District Judge.

MEMORANDUM ***

Jeremy Kee and KeeCorp, Inc. (collectively "Appellants") appeal from the district court's dismissal of their claims pursuant to Federal Rule of Civil Procedure

---

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Cervantes v. United States,* 330 F.3d 1186, 1187 (9th Cir.2003), and we affirm.

When determining a motion to dismiss under Rule 12(b)(6), all factual allegations are taken as true and construed in the light most favorable to the nonmoving party, but conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss. *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir.2004) (citing *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001)). A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In deciding a Rule 12(b)(6) motion, a court is generally limited to considering the contents of the complaint. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1141 n. 5 (9th Cir.2003). If matters outside the pleadings are considered, a motion to dismiss under Rule 12(b)(6) is treated as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d); *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 921–22 (9th Cir.2004).

The district court dismissed Appellants' First, Second, Third, Fourth, and Fifth Claims for Relief in the First Amended Complaint for civil rights violations pursuant to 42 U.S.C. § 1983, including unlawful search and seizure, violations of due process and equal protection, and unlawful taking. The district court did not consider matters outside the pleadings and applied the correct standard for a motion to dismiss under Rule 12(b)(6). The district court did not fail to permit Appellants to amend the First Amended Complaint because the claims were not dismissed with prejudice and Appellants never sought leave to amend.

■ The district court did not err by determining that Appellants' claims against the State of Nevada and the Nevada Transportation Services Authority ("TSA") are barred by sovereign immunity. States enjoy sovereign immunity from suits brought under § 1983. *Pittman v. Or., Employment Dep't,* 509 F.3d 1065, 1071 (9th Cir.2007). In addition, "the cause of action in § 1983 does not reach arms of the state." *Id.* at 1072; *see Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that neither a state nor its officials acting in their official capacities are "persons" under § 1983). The State of Nevada and TSA enjoy sovereign immunity from suits brought under § 1983, and there is no indication in the record that sovereign immunity was waived.

■ The district court correctly determined that Mr. Sellers and Mr. Tichenor are entitled to qualified immunity. Qualified immunity is " 'an entitlement not to stand trial or face the other burdens of litigation.' " *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). The privilege of qualified immunity is " 'an *immunity from suit* rather than a mere defense to liability.' " *Id.* (quoting *Mitchell,* 472 U.S. at 526, 105 S.Ct. 2806). Qualified immunity questions should be resolved " 'at the earliest possible stage in litigation.' " *Id.* at 201, 121 S.Ct. 2151 (quoting *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)).

When determining whether a defendant is entitled to qualified immunity, the threshold question is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the offi-

cer's conduct violated a constitutional right?" *Id.* (citing *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)). "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202, 121 S.Ct. 2151 (citing *Wilson v. Layne,* 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)).

▆▆▆ "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Appellants failed to allege a violation of the Contracts Clause because they have not alleged that a change in law has impaired their contractual relationship, and have not alleged facts showing that the Nevada statutes requiring a certificate of public convenience and necessity ("CPCN") substantially impair the contractual relationship. Appellants failed to allege a violation of the Supremacy Clause because they failed to show that the CPCN requirement interferes with federal government functions or is in conflict with federal procurement legislation.

▆▆▆ Appellees are entitled to qualified immunity on the unlawful search and seizure claim as well. Even assuming that Appellants sufficiently alleged facts that show Appellees' conduct violated a constitutional right by searching and seizing the

KeeCorp vehicle, this right was not "clearly established." *See Saucier,* 533 U.S. at 201, 121 S.Ct. 2151. It would not have been clear to a reasonable officer that his conduct in issuing a citation and seizing the vehicle pursuant to Nevada Revised Statutes sections 706.386 and 706.476 was unlawful if the driver failed to provide documentation of a federal contract or otherwise demonstrate why he was exempt from the CPCN requirement. The First Amended Complaint fails to allege that the TSA official was provided with proof of a federal contract or with any other basis for an exemption at the time of the stop. Therefore, it was not unreasonable for the TSA agent to issue a citation and impound the vehicle for failure to comply with section 706.386. For these reasons, Mr. Sellers and Mr. Tichenor are entitled to qualified immunity.

**AFFIRMED.**